**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| GREGORY Q. SCHORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02083-TWP-TAB |
| | ) | |
| PPA HOLDINGS, INC., | ) | |
| PROTECT PLUS HOLDINGS CORP., | ) | |
| and PPA INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Amended Complaint fails to allege all of the facts necessary to determine whether this Court continues to have subject matter jurisdiction over this case. The Amended Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Amended Complaint fails to sufficiently allege the citizenship of the Defendants. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the Amended Complaint must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982).

The Amended Complaint alleges,

8. Defendant PPA Holdings, Inc. ("PPA Holdings") is an Indiana corporation and is, therefore, a citizen of the State of Indiana.

9. Defendant Protect Plus Holdings Corp. ("Protect Plus Holdings") is an Indiana corporation and is, therefore, a citizen of the State of Indiana.

10. Defendant PPA Industries, Inc. ("PPA Industries") is an Indiana corporation and is, therefore, a citizen of the State of Indiana.

(Filing No. 21 at 2.) These allegations are insufficient to allege the citizenship of the Defendants to allow the Court to determine whether diversity jurisdiction continues to exist. The Amended Complaint fails to allege the Defendants' state in which they have their principal place of business. Thus, the Court is unable to determine whether diversity jurisdiction continues to exist.

As the party asking this Court to invoke its jurisdiction, Plaintiff must properly allege the citizenship of each of the parties to establish and maintain subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes and maintains the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the Defendants. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date:   1/9/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

2

Distribution:

Peter S. French
TAFT STETTINIUS & HOLLISTER
pfrench@taftlaw.com

Michael K Coran
Klehr Harrison Harvey Branzburg LLP
mcoran@klehr.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER
mmacchia@taftlaw.com

Stephen Paul Dunn
Bodman Plc
sdunn@bodmanlaw.com

Ann O. McCready
TAFT STETTINIUS & HOLLISTER
amccready@taftlaw.com

Gregory R. Sellers
Klehr Harrison Harvey Branzburg LLP
gsellers@klehr.com