UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| GREGORY Q. SCHORR, </br></br>  Plaintiff, </br></br> v. </br></br> PPA HOLDINGS, INC., PROTECT PLUS HOLDINGS CORP. and PPA INDUSTRIES, INC., </br></br>  Defendants. | Case No. 1:22-cv-2083-TWP-TAB |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants PPA Holdings, Inc. ("**PPA Holdings**"), Protect Plus Holdings Corp. ("**PPA Corp.**") and PPA Industries, Inc. ("**PPA Industries**," and collectively with PPA Holdings and PPA Corp., "**PPA**" or the "**Company**") hereby respond to Plaintiff Gregory Q. Schorr's ("**Schorr**") Amended Complaint as follows:

**Nature of the Action**

1. Admitted in part and denied in part. It is admitted only that Schorr was a director of PPA Holdings, PPA Corp. and PPA Industries from approximately April 5, 2019 until at least September 21, 2021. It is denied that Schorr was acting in the capacity of a director with respect to his actions at issue in the American Arbitration Association Demand for Arbitration ("**DFA**") filed by Freudenberg North America Limited Partnership ("**FNA**"). By way of further answer, as set forth in detail in the DFA, Schorr acted in bad faith, contrary to the Company's best interests, and in a capacity other than as an officer or director of the Company and acted to further his own personal financial interests. Schorr also engaged in willful misconduct and acted recklessly by choosing to harm the Company's relationship with its largest customer. PPA believes, and therefore avers, that

these facts will be further developed through discovery in the arbitration commenced by FNA.

2. Admitted in part and denied in part. It is admitted only that Schorr was an officer of PPA Holdings, PPA Corp. and PPA Industries from approximately April 5, 2019 until at least September 21, 2021. It is denied that Schorr was acting in the capacity of an officer with respect to his actions at issue in the DFA. By way of further answer, as set forth in detail in the DFA, Schorr acted in bad faith, contrary to the Company's best interests, and in a capacity other than as an officer or director of the Company and acted to further his own personal financial interests. Schorr also engaged in willful misconduct and acted recklessly by choosing to harm the Company's relationship with its largest customer. PPA believes, and therefore avers, that these facts will be further developed through discovery in the arbitration commenced by FNA.

3. Admitted. By way of further answer, the claims that FNA asserts against Schorr are set forth in the DFA, which is a document that speaks for itself. PPA believes and therefore avers that facts revealed in discovery on FNA's claims further will substantiate FNA's claims against Schorr.

4. Denied. The allegations of this paragraph are conclusions of law that require no further response. By way of further answer, Schorr is not entitled to advancement under each Defendant's Code of Bylaws, nor is Schorr entitled to advancement under the Indiana Business Corporation Law ("**IBCL**") because, based on the facts known to the Company, Schorr is not entitled to indemnification. *See* IBCL § 23-1-37-10(a)(3).

5. Admitted in part and denied in part. The Company admits that it has not advanced fees to Schorr but denies that it has any obligation to do so.

6. Admitted in part and denied in part. It is admitted only that Schorr seeks a declaration that he is entitled to advancement of fees pursuant to the Declaratory Judgment Act. It is denied that

2

he is entitled to such a declaration.

## Parties

7. Admitted, upon information and belief.

8. Admitted.

9. Admitted.

10. Admitted.

## Jurisdiction

11. Denied. The allegations within this paragraph constitute conclusions of law to which no response is required. By way of further response, PPA is without knowledge or information sufficient to determine the truth of Schorr's allegations concerning his accrual of legal expenses related to FNA's claims and therefore denies those allegations.

12. Denied. The allegations within this paragraph constitutes conclusions of law to which no response is required.

## Facts

13. Admitted in part and denied in part. The Company admits only that, on or about January 25, 2019, Hammond, Kennedy, Whitney & Company, Inc. ("HKW") retained Schorr to act as chief executive officer of each of the defendants and that he held that title until at least September 21, 2021. It is denied that Schorr was acting in his capacity as the Company's chief executive officer with respect to the actions at issue in FNA's DFA.

14. Admitted in part and denied in part. The Company admits only that HKW engaged Schorr to serve as a director of each defendant from approximately April 5, 2019 through at least September 21, 2021. It is denied that Schorr was acting in that capacity with respect to the actions at issue in FNA's DFA.

10316081.v3

15. Admitted.

16. Admitted in part and denied in part. The Company admits only that FNA conducted due diligence prior to the closing of the Transaction. The Company denies that Schorr provided responses to requests for document and information in his capacity as Chief Executive Officer and a member of the boards of directors of defendants.

17. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself and on that basis the allegations in this paragraph are denied.

18. Admitted in part and denied in part. It is admitted only that Schorr made a demand for indemnification and advancement. It is denied that Schorr is entitled to advancement and his claim for indemnification is not ripe unless and until there is a determination in his favor on FNA's claims against him.

19. Admitted.

20. Admitted in part and denied in part. It is admitted only that FNA named Schorr as a respondent in its DFA before the American Arbitration Association. The remaining allegations of this paragraph, in which Schorr purports to characterize the allegations of the DFA, which is a writing, are denied.

21. Admitted. By way of further response, the letter dated August 24, 2022 is a writing that speaks for itself.

22. Admitted. By way of further response, the letter dated August 24, 2022 is a writing that speaks for itself.

23. Admitted. By way of further response, the letter dated August 24, 2022 is a writing that speaks for itself.

10316081.v3

**Legal Right to Advancement of Expenses**

24. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

25. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

26. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

27. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

28. Denied as a conclusion of law. By way of further response, the letter of August 19, 2022 is a writing that speaks for itself.

29. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

## COUNT I
### Declaratory Judgment
(against all Defendants)

30. The Company incorporates its responses to the previous paragraphs of this Answer as if fully set forth herein.

31. The allegations of this paragraph are conclusions of law to which no response is required. By way of further answer, the Company is not required to advance Schorr's expenses under the Codes of Bylaws and the IBCL because his conduct, as understood by the Company at the time of Schorr's request for advancement (and presently), does not entitle him to indemnification.

32. Denied. By way of further answer, the Company has no obligation to advance Schorr's expenses based on the Codes of Bylaws and IBCL.

33. Denied. By way of further answer, the Company has no obligation to advance Schorr's expenses based on the Codes of Bylaws and IBCL.

## COUNT II
**Breach of Contract**
(against all Defendants)

34. The Company incorporates its responses to the previous paragraphs of this Answer as if fully set forth herein.

35. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

36. Denied. The allegations of this paragraph purport to characterize a writing that speaks for itself.

37. Denied as a conclusion of law.

38. Denied as a conclusion of law.

39. Denied.

## Affirmative Defenses

1. The Amended Complaint fails to state a claim upon which any relief may be granted.

2. Schorr's claim for advancement is barred because the Company has determined, based on the information known to it, that his conduct at issue in the underlying matter would preclude indemnification.

3. Schorr's claim for advancement is barred because in his conduct at issue in the underlying matter he acted in bad faith, against the Company's best interests, while pursuing his own personal financial interests.

4. Schorr's claim for advancement is barred because in his conduct at issue in the

6

underlying matter he engaged in willful misconduct and recklessness.

5.     The Company reserves the right to set forth additional affirmative defenses as discovery in the underlying matter and in this matter progresses.

## Prayer for Relief

**WHEREFORE,** the Company requests that this Court enter an order in its favor, and against Schorr, dismissing Schorr's claims with prejudice and awarding Defendants any other relief this Court deems just and appropriate.

Dated:  January 17, 2023

*/s/ Stephen P. Dunn*
Stephen P. Dunn, Esq.
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, MI 48226
ph (313) 259-7777
fax (313) 393-7579
sdunn@bodmanlaw.com

Michael K. Coran, Esq.
(*admitted pro hac vice*)
Gregory R. Sellers, Esq.
(*admitted pro hac vice*)
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103
ph (215) 569-2497
fax (215) 568-6603
mcoran@klehr.com
gsellers@klehr.com

*Counsel for Defendants*

10316081.v3

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, a copy of the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ *Stephen P. Dunn*
      Stephen P. Dunn

10316081.v3