## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY Q. SCHORR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02083-TWP-TAB |
| | ) | |
| PPA HOLDINGS, INC., | ) | |
| PROTECT PLUS HOLDINGS CORP., | ) | |
| PPA INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on a Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) by Plaintiff Gregory Q. Schorr ("Schorr") ([Filing No. 30]). Schorr brings this lawsuit to obtain a declaratory judgment that he is entitled to indemnification and advancement of expenses against Defendants PPA Holdings, Inc. ("PPA Holdings"), Protect Plus Holdings Corp. ("Protect Plus Holdings"), and PPA Industries, Inc. ("PPA Industries") (collectively, "Defendants"). Schorr, a former officer and director of Defendants, alleges breach of contract, and the Defendants are obligated by their Code of Bylaws ("Bylaws") to advance expenses he incurred in defending claims asserted against him by a third party. For the following reasons, Schorr's motion for judgment on the pleadings is **denied**.

## I.      BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of Defendants as the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Schorr served as a director and Chief Executive Officer of each Defendant from 2019 to at least September 21, 2021 (Filing No. 21 at ¶¶ 1–2; Filing No. 28 at ¶¶ 1–2). Each Defendant's Bylaws contains the same indemnification provision (the "Indemnification Provision") (Filing No. 21 at ¶¶ 26–27), which is found in Article 7, Section 7.02, Clause 7.022, of PPA Holding's Bylaws:

> The Corporation shall, to the fullest extent permitted by Chapter 37 of the Indiana Business Corporation Law (IND. CODE §§ 23-1-37, et seq.), . . . indemnify any individual who is or was a director or officer of the Corporation . . . against liability and expenses, including attorneys fees, incurred by him in any action, suit, or proceeding . . . in which he is made or threatened to be made a party by reason of being or having been in any such capacity, or arising out of his status as such, except in [certain circumstances].

(Filing No. 32-5 at 10, art. 7, § 7.02, cl. 7.022). Clause 7.022 also contains a provision regarding the advancement of expenses (the "Advancement Provision"), which is the focus of this litigation:

> The Corporation shall advance any and all reasonable expenses incurred by a director or officer in defending any action, suit, or proceeding in advance of the final disposition thereof upon receipt of (i) a written affirmation of the director's or officer's good faith belief that such director or officer has met the standard of conduct prescribed by Indiana law; and (ii) an undertaking of the director or officer to repay the amount paid by the Corporation if it is ultimately determined that the director or officer is not entitled to indemnification by the Corporation.

*Id*.

On August 12, 2021, while Schorr was still a director and officer of Defendants, Freudenberg North America Limited Partnership ("FNA") entered into a Stock Purchase Agreement to purchase all issued and outstanding equity securities of PPA Holdings. At the time of the sale, PPA Holdings owned all issued and outstanding equity securities of Protect Plus Holdings and PPA Industries (Filing No. 21 at ¶ 15; Filing No. 28 at ¶ 15). Prior to the sale, FNA conducted a due diligence investigation of Defendants and some of their affiliates. As part of the investigation, FNA requested documents and information from Defendants. Schorr provided

responses to those requests (Filing No. 21 at ¶ 16). Defendants deny that Schorr was acting in an official capacity when providing the responses (Filing No. 28 at ¶ 16).

On June 22, 2022, after Schorr was no longer a director or officer of Defendants, FNA alleged Schorr had intentionally misled it during the due diligence investigation by providing incorrect, misleading information in response to its requests (Filing No. 21 at ¶ 17). Defendants deny Schorr's characterization of FNA's allegations (Filing No. 28 at ¶ 17) but do not deny that FNA asserted allegations against Schorr. On August 19, 2022, Schorr made a written demand for indemnification and advancement of expenses relating to FNA's allegations (Filing No. 21 at ¶ 18; Filing No. 28 at ¶ 18). On August 22, 2022, FNA filed a Demand for Arbitration with the American Arbitration Association, naming Schorr as a respondent (Filing No. 21 at ¶ 20; Filing No. 28 at ¶ 20). A few days later--August 24th—Schorr made a written demand for indemnification and advancement of expenses relating to FNA's Demand for Arbitration (FNA's allegations and Demand for Arbitration, together, the "FNA Claims") (Filing No. 21 at ¶ 21; Filing No. 28 at ¶ 21).

On September 19, 2022, Schorr notified Defendants that he had incurred legal fees in defending against FNA's claims and demanded indemnification for and advancement of those expenses (Filing No. 21 at ¶ 22; Filing No. 28 at ¶ 22). Schorr's September 19, 2022 written demand contained an affirmation of his good faith belief that he "has met the standard of conduct prescribed by Indiana law" and his undertaking to repay any amounts advanced by Defendants if it is ultimately determined that he is not entitled to indemnification (Filing No. 21-1 at 3). On September 30, 2022, Defendants refused to advance any expenses Schorr had incurred in defending against the FNA Claims (Filing No. 21 at ¶ 23; Filing No. 28 at ¶ 23).

Schorr filed the instant Complaint shortly thereafter, asserting a claim for breach of contract and seeking declarations that Defendants are obligated to indemnify and advance his

expenses (Filing No. 1).  Defendants moved to dismiss the Complaint, arguing that Schorr's request for indemnification was not yet ripe (Filing No. 19).  Schorr then filed an Amended Complaint, which focuses solely on Defendants' purported obligation to advance Schorr's expenses (Filing No. 21). Defendants answered the Amended Complaint on January 17, 2023 (Filing No. 28), and on February 8, 2023, Schorr moved for judgment on the pleadings (Filing No. 30).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer, and the pleadings are closed. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir. 1996). "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *United Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A Court deciding a motion for judgment on the pleadings may consider only "the matters presented in the pleadings" and must consider them in the light most favorable to the nonmovant. *Id.*

The pleadings "consist of the complaint, the answer, and any instruments attached as exhibits." *Housing Auth. Risk Retention Grp. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004).  "Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'"  *Id.* (quoting *All Am. Ins. v. Broeren Russo Const.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)); *see also Redex, Inc. v. Atlanta Film Converting Co.*, No. 87 C 3508, 1988 WL 9075, at *1 (N.D. Ill. Feb. 2, 1988) ("[W]hen a plaintiff moves for judgment on the pleadings, we rely only on the facts alleged in the complaint and admitted in defendant's answer.").

**III.    DISCUSSION**

Schorr argues that the plain language of Article 7 entitles him to judgment as a matter of law (Filing No. 31 at 1–2).  In response, Defendants argue that disputes of material fact preclude judgment, including: whether Schorr was acting in his personal capacity when he provided responses to FNA's due diligence requests; whether the affirmation in Schorr's September 19, 2022 written demand adequately supports his demand for advancement; whether advancement is precluded by Defendants' determination that Schorr is not entitled to indemnification; and whether the Advancement Provision applies to only current directors and officers, and not former directors and officers (Filing No. 32 at 1–2).

The Court will first address whether the Advancement Provision applies to only current directors or officers, as that issue is dispositive of Schorr's Motion.  The parties appear to agree that if the Advancement Provision does not apply to former officers or directors, then Schorr is not entitled to advancement.  So, for Schorr to be entitled to judgment on the pleadings, he must show, in part, that the Advancement Provision unambiguously applies to current *and* former directors and officers.  Defendants contend that the phrase "director or officer" plainly refers only to current directors and officers (Filing No. 32 at 12–13).  On reply, Schorr argues that the plain language of Article 7 shows that the term "director" includes current and former directors, and that the Indiana Business Corporation Law ("IBCL") ensures his right to advancement as a former "officer" (Filing No. 34 at 8–9).[1]  The Court will address each of Schorr's arguments in turn.

---

[1] Schorr does not argue that the plain language of Article 7 shows that the term "officer" includes former officers, or that the IBCL guarantees his right to advancement as a former "director."

5

A.      **The plain language of Article 7 does not show that "director" unambiguously refers to both current and former directors.**

Under Indiana law,[2] the goal of contract interpretation is to ascertain and give effect to the parties' intent "as reasonably manifested by the language of the agreement." *Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). "Indiana follows 'the four corners rule' that extrinsic evidence is not admissible to add to, vary or explain the terms of a written instrument if the terms of the instrument are susceptible of a clear and unambiguous construction." *University of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 532 (Ind. 2006). "Clear and unambiguous terms in the contract are deemed conclusive, and when they are present [the Court] will not construe the contract or look to extrinsic evidence, but will merely apply the contractual provisions." *Ryan v. Ryan*, 972 N.E.2d 359, 364 (Ind. 2012). A contract is ambiguous if a reasonable person would find it subject to more than one interpretation. *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012).

In arguing that the plain language of Article 7 shows that the term "director" means both current and former directors, Schorr relies primarily on Section 7.02, Clause 7.021, which states: "Terms defined in Chapter 37 of the Indiana Business Corporation Law (Ind. Code §§ 23-1-37, et seq.) which are used in this Article 7 shall have the same definitions for purposes of this Article 7 as they have in such chapter of the Indiana Business Corporation Law" (Filing No. 32-5 at 10, art. 7, § 7.02, cl. 7.021). Chapter 37 of the IBCL defines "Director" as "any individual who *is or was* a director of a corporation." Ind. Code § 23-1-37-2 (emphasis added). Because Clause 7.021 plainly states that the terms defined in Chapter 37 "which are used in this Article 7 *shall* have the

---

[2] The parties do not directly address which state's law the Court should apply in interpreting the Bylaws, though both parties cite Indiana law. The Bylaws also incorporate Indiana statutes (Filing No. 32-5 at 10). The Court will therefore apply Indiana law. *See ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995) (noting that courts should apply the forum state's law in the absence of any argument to the contrary).

6

same definitions for purposes of this Article 7" (Filing No. 32-5 at 10 (emphasis added)), a reasonable person could interpret "director" as referring to both current and former directors.

However, Defendants' interpretation of "director and officer" is also reasonable. Defendants argue that Clause 7.022, when read as a whole, shows the parties intended to limit advancement rights to current directors and officers.  Defendants first point to the difference in language used in the Indemnification and Advancement Provisions. The Indemnification Provision states that "[t]he Corporation shall . . . indemnify *any individual who is or was* a director or officer of the Corporation," while the Advancement Provision states that "[t]he Corporation shall advance any and all reasonable expenses incurred by *a director or officer*" (Filing No. 32-5 at 10 (emphasis added)). Defendants contend that the omission of "any individual who is or was" from the Advancement Provision, shows that while the parties intended to offer indemnification to both current and former directors and officers, they intended to offer advancement of expenses only to current directors and officers.

Defendants' argument is well taken. If the contracting parties had intended for the Advancement Provision to apply to former directors or officers, they could have used the same language found in the Indemnification Provision.  *See Cocquyt v. SpartanNash Co.*, No. 21-3254, 2022 WL 3273804, at *4 (7th Cir. Aug. 11, 2022) ("[A]s revealed elsewhere in the contract, the parties knew how to express when they definitively wanted a provision to survive the initial three-year term. . . . Nothing in the language of section 5(e) states that it, like section 6, outlast the three-year term."); *Fix v. Quantum Indus. Partners LDC*, 374 F.3d 549, 552–53 (7th Cir. 2004) ("There is a strong presumption against reading into contracts provisions that easily could have been included but were not."); *Simon Prop. Grp., L.P. v. Michigan Sporting Goods Distribs., Inc.*, 837 N.E.2d 1058 (Ind. Ct. App. 2005) ("If the parties had intended Section 24.23 to include other rights

7

and remedies in addition to the reduced rent, other sections of the Lease indicate the parties knew how to include such language.").

Similar differences between indemnification and advancement provisions have convinced Delaware courts that advancement provisions apply only to former directors and officers. Because advancement provisions are "rather a Delaware specialty," *Int'l Airport Ctrs., L.L.C. v. Citrin*, 455 F.3d 749, 752 (7th Cir. 2006), the Court finds Delaware caselaw persuasive on this issue. *See Charney v. Am. Apparel, Inc.*, No. 11098, 2015 WL 5313769, at *7–8 (Del. Ch. Sept. 11, 2015) (deciding on summary judgment that a former director and officer was not entitled to advancement based on absence of reference to "former" directors or officers in advancement provision; "When the words 'officers' and 'directors' are not qualified by the adjective 'former' (or a similar adjective), Delaware courts have interpreted those words to refer to current officers and current directors."); *Schoon v. Troy Corp.*, 948 A.2d 1157 (Del. Ch. 2008), *superseded by statute*, 8 Del. Code Ann. § 145, *as recognized in Marino v. Patriot Rail Co.*, 131 A.3d 325, 340 (Del. Ch. 2016) ("In short, the language of the bylaws deliberately and unambiguously provides for unequal treatment of current and former directors in receiving advancement."). The omission of "any individual who is or was" from the Advancement Provision could lead a reasonable person to conclude that parties intended for "director or officer" to mean only current directors and officers.

Defendants also argue that Schorr's interpretation of the phrase "director or officer" would render the phrase "any individual who is or was" superfluous. Indiana courts construe contracts "in a way that gives each term independent meaning, rather than rendering one surplusage." *Pohl v. Pohl*, 15 N.E.3d 1006, 1014 (Ind. 2014) (citing *Whitaker v. Brunner*, 814 N.E.2d 288, 294 (Ind. Ct. App. 2004), *trans. denied* ("We read the contract as a whole and will attempt to construe the contractual language so as not to render any words, phrases, or terms ineffective or meaningless.").

8

It is therefore reasonable to interpret "director or officer," by itself, as referring to only current directors and officers.

Based on the plain language of Article 7, the phrase "director or officer" could be subject to more than one reasonable interpretation. The resulting ambiguity precludes judgment on the pleadings in Schorr's favor.  Schorr argues in a footnote that to the extent the term "director" is ambiguous, that ambiguity must be construed against Defendants as the drafter of the Bylaws (Filing No. 34 at 9 (citing Delaware law)).  Indiana law does provide that ambiguities in a contract should be construed against the contract's drafter.  *See, e.g.*, *Celadon Trucking Servs., Inc. v. Wilmoth*, 70 N.E.3d 833, 844 (Ind. Ct. App. 2017).  However, that is just one principle of contract interpretation.  *Id.*  The court's ultimate goal in interpreting contractual provisions "is to determine the parties' intent in crafting those provisions, and to effectuate that intent."  *Shorter v. Shorter*, 851 N.E.2d 378, 383–84 (Ind. Ct. App. 2006) (citing *Magee v. Garry-Magee*, 833 N.E.2d 1083 (Ind. Ct. App. 2005)).  Strict construction against the drafter, without any consideration of extrinsic evidence, does not serve that goal, nor is it required by Indiana law.[3]  *See Celadon*, 70 N.E.3d at 841 (considering extrinsic evidence in interpreting ambiguous contract provision); *Blessey Marine Servs., Inc. v. Jeffboat, L.L.C.*, 771 F.3d 894, 898 (5th Cir. 2014) (applying Indiana law) (stating that Indiana's construction of ambiguous provisions against drafters "does not mean… that Indiana law mandates that *every* ambiguous contract be construed against a known drafter …. Rather, '[w]hen a contract's terms are ambiguous or uncertain and its interpretation requires extrinsic

---

[3] Indiana courts only require strict construction of insurance contracts "to further the general purpose of the insurance contract to provide coverage." *Bosecker v. Westfield Ins. Co.*, 724 N.E.2d 241, 244 (Ind. 2000). Indiana courts developed this "special rule[] of construction of insurance contracts . . . due to the disparity in bargaining power between insurers and the insured[]s." *Allstate Ins. Co. v. Boles*, 481 N.E.2d 1096, 1101 (Ind. 1985). The Bylaws are not an insurance contract, so strict construction of ambiguities against Defendants is not appropriate.

evidence, its construction is a matter for the fact-finder.'" (emphasis in original) (quoting *Johnson v. Johnson*, 920 N.E.2d 253, 356 (Ind. 2010) (citation omitted))).

In *University of Southern Indiana Foundation v. Baker*, the Indiana Supreme Court held that "[i]f the court finds that any term is ambiguous, then the parties may introduce extrinsic evidence of its meaning, and the interpretation of that term becomes a question of fact." *Broadbent v. Fifth Third Bank*, 59 N.E.3d 305, 311 (Ind. Ct. App. 2016), *trans. denied*, 64 N.E.3d 1208 (Ind. 2016); *Baker*, 843 N.E.2d 534–35 (abandoning Indiana's prior distinction between "latent" ambiguities, which required extrinsic evidence and presented questions of fact, and "patent" ambiguities, which were resolved as a matter of law, and stating "it is proper to admit extrinsic evidence to resolve any ambiguity"); *see also Red Barn Motors, Inc. v. Nextgear Capital, Inc.*, No. 14-cv-01589, 2018 WL 11310944, at *8 (S.D. Ind. Jan. 12, 2018) (relying on *Baker* in declining to recognize distinction between patent and latent ambiguities, despite lower courts' occasional post-*Baker* recognition of the distinction).

This Court's interpretation of the Bylaws is governed by Indiana law.  The Court therefore declines to strictly construe the phrase "director or officer" against Defendants.  Consistent with the Indiana Supreme Court's instruction in *Baker*, the phrase's meaning should be decided with the benefit of extrinsic evidence at summary judgment or at trial. *See Celadon*, 70 N.E.3d at 841 ("Because the contract is ambiguous, the trial court properly denied Celadon's motion for judgment on the pleadings.").  At this stage, judgment as a matter of law is not appropriate.

**B.    The Indiana Business Corporation Law (IBCL) does not guarantee Schorr's right to advancement as a former officer.**

Schorr also argues that even if the plain language of Article 7 does not provide advancement rights to former directors, the IBCL guarantees his contractual right to advancement as a former officer (Filing No. 34 at 9).  Article 7.02, Clause 7.025, states that the rights and

obligations under Section 7.02 "are contract rights" (Filing No. 32-5 at 11, art. 7, § 7.02, cl. 7.025). The IBCL provides that "[a]n officer's removal does not affect the officer's contract rights, if any, with the corporation." Ind. Code § 23-1-36-4(b). Schorr argues that he had a contractual right to advancement while he was an officer, and under the IBCL, that right cannot be affected by his subsequent removal or resignation (Filing No. 34 at 9).

However, whether § 23-1-36-4(b) allows Schorr to presently enforce a right to advancement depends on the meaning of "officer" in Article 7. If the term "officer" means only current officers, as Defendants contend, then Defendants' obligation to advance expenses would become enforceable only if a proceeding were initiated against a current officer as of the time the proceeding is initiated. In this case, Schorr's right to advancement would have never become enforceable because he ceased being an officer before the FNA Claims arose. Section 23-1-36-4(b) would merely guarantee that Schorr's right to advancement remains unaffected—*i.e.*, unenforceable—despite his later resignation or removal. *See Marino*, 131 A.3d at 344 ("Although the coverage that the Company provided to [plaintiff] vested as a result of his service, the coverage did not ripen into an enforceable right until triggered by a covered claim."); *Charney*, No. 2015 WL 5313769, at *7–8 ("I conclude that the plain language of the Charter affords mandatory advancement rights only to current directors or officers of the Company as of the time suit is filed against them."); *see also Schoon*, 948 A.2d at 1167 (explaining that advancement rights vest when proceeding is initiated, and contractual provision similar to Ind. Code § 23-1-36-4(b) is "better understood as providing that a director, whose right to advancement is triggered while in office, does not lose that right by ceasing to serve as a director"); *Branin v. Stein Roe Inv. Counsel, LLC*, No. 8481, 2014 WL 2961084, at *7 (Del. Ch. June 30, 2014) (stating that in *Schoon*, "the ability to deny indemnification by amending the bylaws was confirmed for those instances in which the

11

right to advancement had not been 'triggered'.  Consistent with *Schoon*, [the company] was free to amend its operating agreement . . . to preclude indemnification claims that had not yet matured. That authority does not generally inform the question of whether it could have eliminated those rights if they have already ripened.").

If, upon consideration of all relevant extrinsic evidence, it is determined that the phrase "director or officer" means only current directors and officers, then Schorr would have no enforceable right to advancement, even despite Indiana Code § 23-1-36-4(b).  The ambiguity of "director or officer" thus precludes judgment on the pleadings in Schorr's favor.  Because this ambiguity is dispositive of Schorr's Motion, the Court need not address the parties' remaining arguments.

## IV. CONCLUSION

For the reasons explained above, Schorr's Motion for Judgment on the Pleadings (Filing No. 30) is **DENIED**.

**SO ORDERED**.

Date:   5/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ann O. McCready
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
amccready@taftlaw.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com

Peter S. French
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
pfrench@taftlaw.com

Gregory R. Sellers
KLEHR HARRISON HARVEY BRANZBURG LLP
gsellers@klehr.com

Michael K Coran
KLEHR HARRISON HARVEY BRANZBURG LLP
mcoran@klehr.com

Stephen Paul Dunn
BODMAN PLC
sdunn@bodmanlaw.com